UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CEDRIC LAMONTE JACKSON,

       Petitioner,

                                  Case No. 1:06-CV-101

v.                                   Hon. Janet T. Neff

BLAINE C. LAFLER,

       Respondent.

_____/

**REPORT AND RECOMMENDATION**

Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

    **I.**    **Background**

This matter arises out of petitioner's criminal activity in Southfield, Michigan on July 4, 2003. At approximately 5:30 p.m. on that date, a customer named Renee Lawson approached a credit union to use its automatic teller machine (ATM). The ATM was located in a vestibule with an outside door and a door between the vestibule and the entrance to the credit union. The credit union was closed due to the holiday and so the inside door of the vestibule, between the ATM machine and the entrance to the credit union, was locked.

As she entered the vestibule to withdraw money, Lawson saw petitioner waiting inside the vestibule. Trial Tr. at 77. He was alone and apparently was the only other person in the immediate vicinity. Trial Tr. at 76-77. Lawson thought petitioner's behavior was suspicious, since she felt most people using an ATM come and go. Trial Tr. at 77. Upon entering, Lawson noticed

petitioner had turned and was watching her, Trial Tr. at 78, and he never took his eyes off her. Trial Tr. at 77.

Petitioner's behavior made Lawson feel uncomfortable. Trial Tr. at 79. When the money started to come out of the ATM, petitioner moved toward Lawson and came within one to two feet of her. Trial Tr. at 79. He was blocking her exit from the vestibule and she felt like a "rat in a corner." Trial Tr. at 80. Petitioner then confronted Lawson, and told her to give him the money she was obtaining from the machine. Trial Tr. at 78-79. Lawson testified that something welled up inside her. She refused to give petitioner her money, but rather punched petitioner in the chest, telling him she worked hard for her money, and left. Trial Tr. at 80-81. In describing the episode, Lawson testified she felt that she had been in harm's way, Trial Tr. at 82, and that there had been "nothing pleasant about the incident." Trial Tr. at 95. She testified she had no doubt what was happening and that she struck petitioner to defend herself and to get him away from her. Trial Tr. at 97.

Shortly thereafter, in a separate incident, Helena Kelly entered the vestibule and began using the same ATM. Trial Tr. at 99. When the machine released a twenty dollar bill, petitioner walked up behind her and grabbed the money. Trial Tr. at 103. Kelly protested, to which petitioner responded by brandishing a steak knife. Trial Tr. at 104. The tip of the steak knife nicked the inside of Kelly's hand. Trial Tr. at 105. Kelly then told petitioner to just take the money, and he left. Trial Tr. at 106.

Following a jury trial in the Oakland County Circuit Court for both incidents, defendant was convicted of armed robbery (Count I), contrary to M.C.L § 750.529, and attempted unarmed robbery (Count II), contrary to M.C.L § 750.530. He was sentenced as a third habitual

2

defender, pursuant to M.C.L § 769.11, to six to ten years imprisonment for the attempted unarmed robbery conviction and fifteen to thirty years of imprisonment for the armed robbery conviction.

Petitioner presented the following issues in his direct appeal to the Michigan Court of Appeals:

I. There was insufficient evidence to prove that petitioner used force or violence during the attempted unarmed robbery.

II. The petitioner's use of force during the armed robbery occurred after the taking and thus did not constitute evidence sufficient to support that element of the crime.

*See* docket no.1.

The Michigan Court of Appeals affirmed petitioner's convictions. *People v. Jackson*, No. 252191 (Mich. App., March 22, 2005). Petitioner filed an application for leave to appeal to the Michigan Supreme Court raising these claims. The Michigan Supreme Court denied the application. *People v. Jackson*, No. 1282414 (Mich., Sept. 28, 2005).

Petitioner subsequently filed a motion for relief from judgment, pursuant to M.C.R §6.508(D), which the trial court denied on January 6, 2006. *People v. Jackson*, No. 2003-191437-FC. Petitioner did not appeal this decision.

Petitioner raises the following federal constitutional issues in his habeas corpus petition:

I. Error in meeting requirement for state conviction to meet federal constitutional requirement violating right to due process.

II. Evidentiary hearing request of trial exhibits not displaying weapon causing reasonable doubt.

III. Convictions resulting from deprivation of basic rights guaranteed by federal constitution and erroneous factual determination.

    IV.    The challenge of the use of sufficiency of the evidence in the state court proceeding to support its determination of factual issues made therein.

## II. Standard of review under 28 U.S.C. § 2254

Petitioner seeks relief under 28 U.S.C. § 2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution of laws of the United States." Before such relief may be granted, however, the substance of each claim must be fairly presented to all available state courts, to exhaust all state remedies. *Picard v. Connor,* 404 U.S. 270, 277-78 (1981); *Clemmons v. Sowders,* 34 F.3d 352, 354 (6th Cir. 1994); *see* 28 U.S.C. § 2254 (b)(1)(A). Here, Petitioner has exhausted each of the four habeas claims.[1]

Where a state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which provides in part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[1] The four general issues raised in petitioner's habeas corpus petition, and addressed in this report and recommendation, raise the same arguments as the two issues exhausted in state court.

28 U.S.C. § 2254(d).

If the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided the case differently than a Supreme Court decision based upon a set of materially indistinguishable facts, a state court's decision is "contrary to" clearly established Federal law. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005) (*rehearing en banc*). An unreasonable application of clearly established Federal law occurs "when the state court identified the correct legal principle from the Supreme Court but unreasonably applied the principle to the facts of the case before it." *Id.*

A determination of a factual issue by a state court is presumed to be correct by this court. 28 U.S.C. § 2254(e)(1). A habeas petitioner has the burden of rebutting that presumption of correctness by clear and convincing evidence. *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001).

### III.   Petitioner's Claims

#### A.   Sufficiency of the evidence

Petitioner contends that insufficient evidence exists to support his armed and unarmed robbery convictions. Specifically, petitioner claims he should be convicted of the lesser offense of larceny and attempted larceny because the evidence does not show that either of the victims were in fear or that force or violence was used to remove the property, and that no weapon was shown on the surveillance video to support an armed robbery conviction. Pet'r's Br. 6-7. Petitioner contends that the convictions do not satisfy the elements for an armed or attempted unarmed robbery charge because: both victims testified that no force was used; the surveillance video does not show him

5

standing close to the victims, blocking the exit, or holding a knife; and he was actually attacked by one of the victims. Pet'r's Br. 7.

In an unpublished per curiam opinion, the Michigan Court of Appeals affirmed petitioner's conviction as follows:

> On appeal defendant claims his convictions must be reversed because there was insufficient evidence to prove that he used force or violence during the attempted unarmed robbery and that his use of force during the armed robbery occurred after the taking and thus did not constitute evidence sufficient to support that element of the crime. We disagree. Our review of the evidence reveals sufficient evidence to enable a rational trier of fact to find that the essential elements of the crimes were proven beyond a reasonable doubt. *People v. Johnson,* 460 Mich 720, 723; 597 NW 2d 73 (1999).
>
> Defendant moved very close to the first victim's [sic] and placed her in fear when he blocked her exit from the vestibule and demanded her money. *People v. Chandler*, 201 Mich App 611, 614; 506 NW 2d 882 (1993). His use of the weapon in the second offense was contemporaneous with the taking because it occurred immediately after seizing the money and before leaving the premises. *People v. Randolph,* 466 Mich 532, 538 n 6; 648 NW2d 164 (2002). Therefore, there was sufficient evidence to support both convictions.

*People v. Jackson,* No. 252191, slip op. at 1-2.

In *In re Winship,* 397 U.S. 358 (1970), the Supreme Court held that the Fourteenth Amendment's Due Process Clause protects a criminal defendant against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Winship,* 397 U.S. at 364. Under *Jackson v. Virginia*, 443 U.S. 307 (1979), sufficient evidence supports a conviction if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. In determining whether sufficient evidence exists to support a conviction, the reviewing court must presume that the trier of fact resolved conflicting inferences of fact in favor of the prosecution, and must defer to that resolution. *Wright v. West*, 505 U.S. 277, 296-97 (1992).

### 1.     Armed Robbery

In Count I, petitioner contends that he did not use force and violence, nor did he assault, or put in fear, the victim, Helena Kelly, in order to take property from her. Pet'r's Br. 6-7. Petitioner contends that the victim did not testify that force and violence or assault or fear was used, and although the victim testified to the existence of a weapon, the surveillance video does not show a weapon or the victim being injured by the weapon. Pet'r's Br. 6. Therefore, petitioner claims, there was insufficient evidence to prove the elements of armed robbery. Pet'r's Br. 7.

Petitioner's contentions are without merit. The government adduced sufficient evidence for a reasonable jury to convict him of the armed robbery charge. Under Michigan laws, robbery is defined as:

> A person who, in the course of committing a larceny of any money or other property that may be the subject of larceny, uses force or violence against any person who is present, or who assaults or puts the person in fear...

MCL § 750.530. In addition, Michigan's armed robbery statute, M.C.L. § 750.529, provides:

> Any person who shall assault another, and shall feloniously rob, steal and take from his person, or in his presence, any money or other property, which may be the subject of larceny, such a robber being armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon, shall be guilty of a felony....

Petitioner contends that a "robbery" did not occur because he did not use force or violence, and did not assault the victim or put the victim in fear. On the contrary, he did all this. Kelly testified multiple times throughout trial that she was terrified and fearful during the robbery. Trial Trans. at 106, 120. Her fear satisfies the elements of a robbery charge because the elements are disjunctive, namely the offense can be accomplished by *either* force and violence, *or* assault, *or*

putting in fear. *People v. Sanford*, 402 Mich. 460, 265 N.W. 2d 1 (1978) (*emphasis added*). He also used force and violence and committed an assault, when brandishing the knife.

Petitioner also contends that an armed robbery conviction is inappropriate because the weapon was not used until after the taking. *People v. Jackson*, No. 252191; Trial Tr. at 105. Petitioner relies heavily on *People v. Randolph,* 466 Mich 532, 648 NW 2d 164 (2002), claiming that the use of the weapon after the taking rendered the fact of the knife inconsequential because it was not used contemporaneously with the larcenous act. *See People v. Jackson*, No. 252191. Petitioner is mistaken. In *Randolph*, the majority explained that force can be contemporaneous if it occurs immediately after the taking. *Id.* at 538 n. 6. Moreover, an act to retain or attempt to retain possession of property is considered contemporaneous. M.C.L § 750.530 (2). [2] Here, petitioner used the knife immediately after taking the money in order to retain possession when the victim protested. Trial Tr. at 105. Petitioner's use of a knife is sufficient to establish an armed robbery charge because it was used contemporaneously to the larcenous act.

In addition, petitioner alleges insufficient evidence to prove there was a weapon because video surveillance does not explicitly show the knife. Pet'r's Br. 6. In this final argument, petitioner seeks to have this court re-evaluate the victim's credibility. Such an attack on the quality of a witness' testimony is simply a challenge to the quality of the government's evidence, and is not a valid challenge to the sufficiency of the evidence. *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002). A single witness testimony is sufficient to support a criminal conviction. *See United States*

---

[2] In response to *Randolph*, the statute was amended to clarify the legislative intent as to what acts are contemporaneous that occur before and after the actual larceny. However, this amendment is not applicable to petitioner's claim having become effective nearly one year after the commission of the crime at issue in this action. P.A. 2004, No. 128 Eff. July 1, 2004.

*v. Johnson,* 106 Fed. Appx. 461, 465 (6th Cir. 2004). The evaluation of witness testimony is "clearly the province of the jury and not this court." *Tyler v. Mitchell,* 416 F3d 500, 505 (6th Cir. 2005). A sufficiency of the evidence claim does not "transform federal habeas courts into super-appellate state courts." *Ponnapula v. Spitzer,* 297 F.3d 172, 182 (2nd Cir. 2002). As such, this court must presume that the trier of fact resolved these conflicting inferences of fact in favor of the prosecution, and must defer to that resolution. *West*, 505 U.S. at 296-97. Consequently, petitioner's sufficiency of the evidence claims in regard to the armed robbery conviction should be denied.

The Michigan Court of Appeals' resolution was neither contrary to, or an unreasonable application of, clearly established Federal law as determined by the Supreme Court; nor was the decision based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254 (d). Petitioner is not entitled to habeas relief on this claim.

### 2. Attempted Unarmed Robbery

Petitioner also challenges his conviction for attempted unarmed robbery. Petitioner again contends that he did not use force or violence or commit an assault, and that he did not put Lawson in fear when he attempted to take money from her. Pet'r's Br. 7. Petitioner alleges that there was no force, violence, assault or fear because Lawson testified that no force was used, the surveillance video does not show the petitioner standing close to the victim or blocking the exit, and because petitioner was attacked by her. Pet'r's Br. 6. Therefore, according to petitioner, there is insufficient evidence to conclude that he was guilty of attempted unarmed robbery. Pet'r's Br. 7. Petitioner asserts he should have been charged with attempted larceny. Pet'r's Br. 7.

The court disagrees. The three elements of attempted unarmed robbery are (1) an attempted felonious taking of property from a person by another, (2) through force and violence or

9

by assault or by putting in fear, (3) when the defendant is unarmed.  MCL § 750.530; *People v. Chandler*, 201 Mich App 611, 614; 506 NW 2d 882 (1993).  Larceny from the person is the act of stealing from a person without force and violence, or assault, or putting in fear. M.C.L. §750.357; *People v. LeFlore*, 96 Mich. App. 557, 561, 293 NW2d 628, 630-31.

Like robbery, the elements of attempted unarmed robbery are set forth in the disjunctive.  *See Sanford*, 402 Mich. at 265. Therefore, although Lawson testified that the petitioner asked once for her money and did not touch her or say anything subsequently, the elements of the offense can be satisfied by fear alone. *Id.* at 473-74.   The victim testified that she was alone with the petitioner and that he was blocking the only unlocked door to the vestibule causing her to feel like a rat in a corner.  Trial Tr. at 79-80.  Because of this, she fought back to defend herself. Trial Tr. at 97.  Moreover, she described herself as being in "harm's way" and stated that there "wasn't [sic] nothing pleasurable about it." Trial Tr. at 82, 95.  The fact that her state of mind caused her to react in a manner the robber did not expect, does not lessen the impact petitioner's actions had on her, nor negate the fact of petitioner's thwarted attempt. After viewing the evidence and inferences drawn from it in a light most favorable to the prosecution, a rational trier of fact could find beyond a reasonable doubt that petitioner had attempted to rob Lawson by placing her in fear, just as the jury did in this case. *Jackson,* 443 U.S. at 319.

Under the governing standard in *Jackson*, a successful challenge to a sufficiency of evidence claim would have to meet a very high threshold which was not met here. 443 U.S. at 319; *Apanovitch v. Houk*, 466 F. 3d 460, 488 (6th Cir. 2006).  The jury determined that the elements for attempted unarmed robbery did occur even after they had the opportunity to convict on the lesser larceny charge.  Trial Tr. at 127.  The state appellate courts have upheld this determination.   It is the

province of the fact-finders, not this court, to weigh the probative value of the evidence and resolve any conflicts in the testimony. *Jackson,* 443 U.S. at 319. *McKenzie v. Smith*, 326 F. 3d 721, 727 (6th Cir. 2003). There is sufficient evidence of record to support all the state court determinations in this case. In summary, petitioner has not met his burden of rebutting by clear and convincing evidence the presumption of correctness this court affords state court factual findings. *Magana,* 263 F.3d at 546. The Michigan Court of Appeals' resolution of this issue was neither contrary to, or an unreasonable application of, clearly established Federal law as determined by the Supreme Court; nor was the decision based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254 (d). Accordingly, petitioner is not entitled to habeas relief on this claim.

### IV.    Conclusion

I respectfully recommend that petitioner's habeas corpus petition be DENIED. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.


Dated:  August 12, 2008                             /s/ Hugh W. Brenneman, Jr.
                                                    HUGH W. BRENNEMAN, JR.
                                                    United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).